UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CORPORATION FOR PUBLIC BROADCASTING, *et al.* ) ) ) Plaintiffs, ) ) v. ) ) DONALD J. TRUMP, in his Official Capacity as President of the United States of America, *et al.* ) ) ) ) Defendants. ) | Case No. 1:25-cv-01305 |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this Response to Defendants' Notice of Supplemental Authority (Dkt. No. 23). Defendants have provided this court notice of the Supreme Court of the United States' order in *Trump v. Wilcox*, No. 24A966, 2025 WL 1464804, 605 U.S. ____ (May 22, 2025) (per curiam). The Supreme Court in *Wilcox,* describing the basis of its order staying injunctive relief granted by the District Court which had reinstated ***executive officers*** to their positions, stated that: "Because the Constitution vests the ***executive power*** in the President, see Art. II, §1, cl. 1, he may remove without cause ***executive officers who exercise that power on his behalf***, subject to narrow exceptions recognized by our precedents." *Id.* at *1 (citation omitted, emphasis added). The implied corollary to this proposition is that persons who ***do not exercise executive power*** on his behalf—such as the directors of a private corporation—are ***not*** subject to such removal. Further, the Supreme Court

55639228.2

declined to examine the exceptions to that general rule, such as those reflected in *Humphrey's Executor v. United States,* 295 U.S. 602 (1935), *Wiener v. United States*, 357 U.S. 349 (1958), and *Morrison v. Olson*, 487 U.S. 654 (1988). Accordingly, if anything, the Supreme Court's ruling in *Wilcox* confirms that the directors of the Corporation for Public Broadcasting, who do not exercise executive power, are outside the scope of Defendants' assertion of general executive authority. Even if the Court were to rule that CPB is a governmental entity for separation of powers purposes, this point still remains valid: neither CPB nor its Directors exercise ***executive power***.

Defendants have also argued that *Wilcox* should inform this Court's analysis of the balance of the harms. That argument, however, stems from the Court's conclusion that "the Government faces greater risk of harm from an order allowing a removed officer ***to continue exercising the executive power*** than a wrongfully removed officer faces from being unable to perform her ***statutory duty***." *Wilcox,* 2025 WL 1464804, at *1 (emphasis added). Here, the implied corollary is that if a removed individual is ***not exercising executive power*** in the first place, then the government does not face such harm. Accordingly, if anything, the Supreme Court's ruling in *Wilcox* confirms that Defendants will not suffer harm if the directors of the Corporation for Public Broadcasting, who do not exercise executive power, remain as directors.

Date: May 28, 2025

By: */s/ Jason W. McElroy*
Jason W. McElroy (D.C. Bar No. 502733)
Peter C. Nanov (D.C. Bar No. 230021)
SAUL EWING LLP
1919 Pennsylvania Avenue NW, Suite 550
Washington, D.C. 20006
Tel: (202) 295-6605
Email:     jason.mcelroy@saul.com
           peter.nanov@saul.com

Jeffrey S. Robbins (*Admitted Pro Hac Vice*)
Joseph D. Lipchitz (*Admitted Pro Hac Vice*)
SAUL EWING LLP
131 Dartmouth St., Suite 501
Boston, MA 02116
Tel: (617) 912-0941
Email:     jeffrey.robbins@saul.com
           joseph.lipchitz@saul.com

**Counsel for Plaintiffs**

55639228.2

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused one copy of the foregoing **Notice of Supplemental Authority** on all parties and counsel of record via the Court's CM/ECF system as follows:

Jeremy Samuel Bloch Newman
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Email: jeremy.s.newman@usdoj.gov

                                          */s/ Jason W. McElroy*
                                          Jason W. McElroy

                                          *Counsel for Plaintiffs*

55639228.2