# EXHIBIT A

APR 1 68  109119 F5227    e  —Crp— $ ⊢    12.00

OFFICE OF RECORDER OF DEEDS
Washington, D. C.

Recorder  *Peter S. Ridley*

# CERTIFICATE

*THIS IS TO CERTIFY* that all provisions of the District of Columbia

Non-profit Corporation Act have been complied with and ACCORD-

INGLY this Certificate of _____ **Incorporation** _____

_____

is hereby issued to the __ **CORPORATION FOR PUBLIC BROADCASTING** __

_____

as of the date hereinafter mentioned.

Date – **March 27, 1968**

PETER S. RIDLEY,

*Recorder of Deeds, D.C.*

*Alfred Goldstein*

**Alfred Goldstein**
_____
*Superintendent of Corporations*

Government of the District of Columbia
Form RD-C 55
Oct. 1962

2642

ARTICLES OF INCORPORATION

OF

CORPORATION FOR PUBLIC BROADCASTING

We, the undersigned natural persons of the age of twenty-one (21) years or more, and citizens of the United States, acting as incorporators appointed by the President of the United States under Title II of the Public Broadcasting Act of 1967, Public Law 90-129, approved November 7, 1967, 81 Stat. 365, and desiring to organize a corporation under said Act and under the District of Columbia Non-Profit Corporation Act (29 D. C. Code Chapter 10), adopt, by direction of all the Incorporators so appointed, the following Articles of Incorporation for such Corporation.

ARTICLE I.

Section 1.01.  The name of the Corporation is:

Corporation for Public Broadcasting.

ARTICLE II.

Section 2.01.  The period of duration of the Corporation is perpetual.

FILED

MAR 27 1968

BY: _____

- 2 -

ARTICLE III.

Section 3.01.  The purposes for which the Corpora-
tion is organized are -

(a)  to further and carry out the purposes and
achieve the objectives of the Public Broadcasting Act of
1967 and any amendments thereto; and

(b)  to do everything necessary, desirable, ad-
visable, or convenient for the furtherance and accomplish-
ment of such purposes and the achievement of such objectives,
and to do all other things incidental thereto or connected
therewith which are not forbidden by applicable law or these
Articles.

Section 3.02.  In order to further and carry out
the purposes and achieve the objectives of the Public Broad-
casting Act of 1967, the Corporation -

(a)  shall have the powers set forth in the Public
Broadcasting Act of 1967, and any amendments thereto, as
the powers of the Corporation authorized to be created by
said Act, and

(b)  shall have the further power, subject to the
provisions of the Public Broadcasting Act of 1967, and any
amendments thereto, to -

- 3 -

1.  have perpetual succession by its corporate name;

2.  sue and be sued, complain and defend, in its corporate name;

3.  have a corporate seal which may be altered at pleasure and to use the same by causing it, or a facsimile thereof, to be impressed or affixed or in any other manner re-produced;

4.  purchase, take, receive, lease, take by gift, devise or bequest, or otherwise acquire, own, hold, improve, use, and otherwise deal in and with, real or per-sonal property, or any interest therein, wherever situated;

5.  sell, convey, mortgage, pledge, lease, ex-change, transfer, and otherwise dispose of all or any part of its property and assets;

6.  purchase, take, receive, subscribe for, or otherwise acquire, own, hold, vote, use, employ, sell, mortgage, loan, pledge, or otherwise dispose of, and other-wise use and deal in and with, shares or other interests in, or obligations of, other domestic or foreign corporations,

- 4 -

whether for profit or not for profit, associations, partner-
ships, or individuals, or direct or indirect obligations of
the United States, or of any other government, State, terri-
tory, governmental district, or municipality or of any in-
strumentality thereof;

       7.  make contracts and incur liabilities,
borrow money at such rates of interest as the Corporation
may determine, issue its notes, bonds, and other obligations,
and secure any of its obligations by mortgage or pledge of
all or any of its property, franchises and income;

       8.  lend money for its corporate purposes, in-
vest and reinvest its funds, and take and hold real and per-
sonal property as security for the payment of funds so loan-
ed or invested;

       9.  conduct its affairs, carry on its opera-
tions, hold property, and have offices and exercise its
powers in any part of the world;

       10.  elect or appoint officers and agents of
the Corporation, and define their duties and fix their com-
pensation;

- 5 -

11.  make and alter By-Laws, not inconsistent
with its Articles of Incorporation, or with applicable law,
for the administration and regulation of the affairs of the
Corporation;

12.  make donations for the public welfare or
for charitable, scientific, literary, or educational purposes,
or for other purposes for which the Corporation is organized;

13.  indemnify any director or officer or
former director or officer of the Corporation, or any person
who may have served at its request as a director or officer
of another corporation, whether for profit or not for profit,
against expenses actually and necessarily incurred by him
in connection with the defense of any action, suit, or pro-
ceeding in which he is made a party by reason of being or
having been such director or officer, except in relation to
matters as to which he shall be adjudged in such action,
suit, or proceeding to be liable for negligence or miscon-
duct in the performance of a duty.  Such indemnification
shall not be deemed exclusive of any other rights to which
such director or officer may be entitled, under any by-law,

- 6 -

agreement, vote of board of directors or members, or otherwise;

   14.  cease its corporate activities and surrender its corporate franchise; and

   15.  have and exercise all powers necessary or convenient to effect any or all of the purposes for which the Corporation is organized.

## ARTICLE IV.

  Section 4.01.  The Corporation will have no members.

## ARTICLE V.

  Section 5.01.  The directors of the Corporation shall be appointed or elected in the manner provided for by the Public Broadcasting Act of 1967 and any amendments thereto.

## ARTICLE VI.

  Section 6.01.  The affairs of the Corporation shall be conducted as provided for in the By-Laws of the Corporation to be adopted by the Board of Directors.

  Section 6.02.  The Corporation is organized exclusively for charitable, scientific, literary and educational purposes, including, for such purposes, the making

- 7 -

of distributions to organizations that qualify as exempt
organizations under section 501(c)(3) of the Internal Revenue
Code of 1954 (or the corresponding provisions of any future
United States Internal Revenue Law).

Section 6.03. Notwithstanding any other provi-
sion of these Articles, the Corporation shall not carry on
any other activities not permitted to be carried on (a) by
a corporation exempt from Federal income tax under section
501(c)(3) of the Internal Revenue Code of 1954 (or the
corresponding provision of any future United States Internal
Revenue Law) or (b) by a corporation, contributions to which
are deductible under section 170(c)(2) of the Internal Revenue
Code of 1954 (or the corresponding provision of any future
United States Internal Revenue Law).

Section 6.04. In the event of dissolution or
final liquidation of the Corporation, the Board of Direc-
tors shall, after paying or making provision for the pay-
ment of all of the liabilities of the Corporation, dispose
of all of the assets of the Corporation in such manner, or
to such organization or organizations organized and operated

- 8 -

exclusively for charitable, educational, literary, or scientific purposes as shall at the time qualify as an exempt organization or organizations under section 501(c)(3) of the Internal Revenue Code of 1954 (or the corresponding provision of any future United States Internal Revenue Law), as the Board of Directors shall determine.

## ARTICLE VII.

Section 7.01.  The address of the Corporation's initial registered office is:

> 1250 Connecticut Avenue
> Washington, D. C. 20036

Section 7.02.  The name of the Corporation's initial registered agent at such address is:

> William E. Miller

## ARTICLE VIII.

Section 8.01.  The number of directors constituting the Initial Board of Directors is fifteen (15) and the names and address, including street and number, of the

- 9 -

persons who are to serve as the Initial Directors until their
successors are elected and qualified are:

| Name | Address |
|------|---------|
| Joseph A. Beirne | 1925 K Street, N. W. Washington, D. C. 20006 |
| Robert S. Benjamin | 729 Seventh Avenue New York, New York 10019 |
| Roscoe C. Carroll | 1999 W. Adams Blvd. Los Angeles, California 90018 |
| Milton S. Eisenhower | 12 E. Bishops Road Baltimore, Maryland 21218 |
| Michael A. Gammino | 33 Weybosset Street Providence, Rhode Island 02903 |
| Saul Haas | 1530 Queen Anne Avenue N. Seattle, Washington 98109 |
| Oveta Culp Hobby | 2410 Polk Avenue Houston, Texas 77003 |
| Joseph D. Hughes | 525 William Penn Place Pittsburgh, Pennsylvania 15219 |
| James R. Killian, Jr. | 77 Massachusetts Avenue Cambridge, Massachusetts 02139 |
| Erich Leinsdorf | 251 Huntington Avenue Boston, Massachusetts 02115 |

- 10 -

| Name | Address |
|------|---------|
| Frank Pace, Jr. | 545 Madison Avenue<br>New York, New York 10022 |
| John D. Rockefeller 3rd | 30 Rockefeller Plaza<br>New York, New York 10020 |
| Carl E. Sanders | 34 Broad Street<br>Atlanta, Georgia 30303 |
| Frank E. Schooley | 504 West Springfield Avenue<br>Champaign, Illinois 61820 |
| Jack Valenti | 918 Sixteenth Street, N. W.<br>Washington, D. C. 20006 |

## ARTICLE IX.

Section 9.01.  The name and address, including street and number, of each Incorporator is:

| Name | Address |
|------|---------|
| Joseph A. Beirne | 1925 K Street, N. W.<br>Washington, D. C. 20006 |
| Robert S. Benjamin | 729 Seventh Avenue<br>New York, New York 10019 |
| Roscoe C. Carroll | 1999 W. Adams Blvd.<br>Los Angeles, California 90018 |
| Milton S. Eisenhower | 12 E. Bishops Road<br>Baltimore, Maryland 21218 |
| Michael A. Gammino | 33 Weybosset Street<br>Providence, Rhode Island 02903 |
| Saul Haas | 1530 Queen Anne Avenue N.<br>Seattle, Washington 98109 |

- 11 -

| Name | Address |
|------|---------|
| Oveta Culp Hobby | 2410 Polk Avenue<br>Houston, Texas 77003 |
| Joseph D. Hughes | 525 William Penn Place<br>Pittsburgh, Pennsylvania 15219 |
| James R. Killian, Jr. | 77 Massachusetts Avenue<br>Cambridge, Massachusetts 02139 |
| Erich Leinsdorf | 251 Huntington Avenue<br>Boston, Massachusetts 02115 |
| Frank Pace, Jr. | 545 Madison Avenue<br>New York, New York 10022 |
| John D. Rockefeller 3rd | 30 Rockefeller Plaza<br>New York, New York 10020 |
| Carl E. Sanders | 34 Broad Street<br>Atlanta, Georgia 30303 |
| Frank E. Schooley | 504 West Springfield Avenue<br>Champaign, Illinois 61820 |
| Jack Valenti | 918 Sixteenth Street, N. W.<br>Washington, D. C. 20006 |

Whereas, we, the undersigned Incorporators,
hereunto affix, on separate pages, with acknowledgments,
our signatures:

- 12 -

_Joseph A. Beirne_
Joseph A. Beirne

WASHINGTON, D. C.

DISTRICT OF COLUMBIA


On this the 18th day of _March_, 1968, before me _Ebba H. Muller_, the undersigned officer, personally appeared Joseph A. Beirne, who signed the foregoing document as an incorporator and who acknowledged that the statements therein contained are true.

_Ebba H. Muller_
Notary Public

My Commission Expires May 14, 1970

- ` 13 -

Robert S. Benjamin

CITY OF ___NEW YORK___

STATE OF ___NEW YORK___

On this the ___25th___ day of ___March___, 1968,
before me ___Florence Abramson___, the undersigned officer,
personally appeared Robert S. Benjamin, who signed the fore-
going document as an incorporator and who acknowledged that the
statements therein contained are true.

Florence Abramson

FLORENCE ABRAMSON
Notary Public, State of New York
No. 31 5800100
Qualified in New York County
Commission Expires March 30, 1968

- 14 -

_Roscoe C. Carroll_
Roscoe C. Carroll

CITY OF  Los Angeles

STATE OF   California

COUNTY OF  Los Angeles

   On this the 18th day of    March    , 1968,

before me    NOLAN PAYTON    , the undersigned officer,

personally appeared Roscoe C. Carroll, who signed the foregoing

document as an incorporator and who acknowledged that the state-

ments therein contained are true.



OFFICIAL SEAL
**NOLAN PAYTON**
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY

– 15 –

*Milton S. Eisenhower*

_____
Milton S. Eisenhower

**CITY OF** ___Baltimore___

**STATE OF** ___Maryland___


    On this the __25__ day of ___March___, 1968,
before me _a Notary Public_____, the undersigned officer,
personally appeared Milton S. Eisenhower, who signed the fore-
going document as an incorporator and who acknowledged that the
statements therein contained are true.


*Gertrude K. Holland*
_____

- 16 -

_Michael A. Gammino_ (signature)

Michael A. Gammino

**CITY OF** Providence

**STATE OF** Rhode Island and Providence Plantations


On this the 18th day of March , 1968,
before me a notary public ~~Michael A. Gammino~~ , the undersigned officer,
personally appeared Michael A. Gammino, who signed the foregoing
document as an incorporator and who acknowledged that the state-
ments therein contained are true.

_(signature)_

My Commission Expires
June 30, 1971

- 17 -

_____
SAUL HAAS

WASHINGTON, D. C.

DISTRICT OF COLUMBIA

On this the _13_ day of _March_____, 1968,

before me_____Hugh W. Smith_____, the undersigned officer,

personally appeared Saul Haas, who signed the foregoing docu-

ment as an incorporator and who acknowledged that the state-

ments therein contained are true.

_____
Hugh W. Smith

My Commission Expires April 14, 1972

- 18 -

_____
Oveta Culp Hobby

CITY OF  Houston
STATE OF  Texas

On this the ___18th___ day of ___March___, 1968, before me ___Peggy C. Buchanan___, the undersigned officer, personally appeared Oveta Culp Hobby, who signed the foregoing document as an incorporator and who acknowledged that the statements therein contained are true.

_____
Peggy C. Buchanan, Notary Public in and for Harris County, T e x a s

- 19 -

_Joseph W Hughes_
Joseph D. Hughes

CITY OF PITTSBURGH

COMMONWEALTH OF PENNSYLVANIA

On this the __19th__ day of __March__, 1968, before me __Dorothy J. Deist__, the undersigned officer, personally appeared Joseph D. Hughes, who signed the foregoing document as an incorporator and who acknowledged that the statements therein contained are true.

_Dorothy J. Deist_
Notary Public

DOROTHY J. DEIST, Notary Public
Pittsburgh, Allegheny Co., Pa.
My Commission Expires
January 15, 1971

- 20 -

_James R. Killian, Jr._
James R. Killian, Jr.

CITY OF _Cambridge_

STATE OF _Mass._

      On this the _19th_ day of _March_ , 1968, before me _Mary Louise Morrissey_ the undersigned officer, personally appeared James R. Killian, Jr., who signed the foregoing document as an incorporator and who acknowledged that the statements therein **contained are** true.

_Mary Louise Morrissey_
_James R. Killian_

- 21 -

_Erich Leinsdorf_
Erich Leinsdorf

CITY OF  Boston

STATE OF  Massachusetts


On this the 18th day of March, 1968,
before me  James J. Brosnahan , the undersigned officer, per-
sonally appeared Erich Leinsdorf, who signed the foregoing docu-
ment as an incorporator and who acknowledged that the statements
therein contained are true.

_James J Brosnahan_

- 22 -

_Frank Pace Jr._
**Frank Pace, Jr.**

**CITY OF**  New York

**STATE OF**  New York


On this the 18th day of    March    , 1968,
before me  Diana Houghtelling    , the undersigned officer, per-
sonally appeared Frank Pace, Jr., who signed the foregoing docu-
ment as an incorporator and who acknowledged that the statements
therein contained are true.

_Diana Houghtelling_

DIANA HOUGHTELLING
Notary Public, State of New York
No. 31-1867800
Qualified in New York County
Commission Expires    3/30/69

- 23 -

_John D. Rockefeller 3rd_

John D. Rockefeller 3rd

CITY OF _NEW YORK_

STATE OF _NEW YORK_


On this the _22nd_ day of _MARCH_, 1968, before me _JOHN D. ROCKEFELLER 3rd_, the undersigned officer, personally appeared John D. Rockefeller 3rd, who signed the foregoing document as an incorporator and who acknowledged that the statements therein contained are true.

_Ruth Avidon_

RUTH AVIDON
Notary Public, State of New York
No. 31-0118550 - New York County
Commission Expires March 30, 19 69

- 24 -

_Carl E. Sanders_

**CITY OF** ___Atlanta___

**STATE OF** ___Georgia___

On this the _18th_ **day of** ___March___ , **1968,** before me ___Kathryn W. Frierson___ , **the undersigned officer, personally appeared Carl E. Sanders, who signed the foregoing document as an incorporator and who acknowledged that the statements therein contained are true.**

_Kathryn W. Frierson_
Notary Public, Fulton County, Georgia
My Commission expires:  March 14, 1971

- 25 -

_____

Frank E. Schooley

CITY OF _Champaign_

STATE OF _Illinois_

On this the _18_ day of _March_, 1968,
before me _John Upp_, the undersigned officer,
personally appeared Frank E. Schooley, who signed the foregoing
document as an incorporator and who acknowledged that the state-
ments therein contained are true.

_____

Notary Public

- 26 -

_Jack Valenti_
Jack Valenti

WASHINGTON, D. C.

DISTRICT OF COLUMBIA


On this the _18th_ day of _March_ , 1968, before
me _Mary I. Tyler_ , the undersigned officer, personally
appeared Jack Valenti, who signed the foregoing document as an
incorporator and who acknowledged that the statements therein
contained are true.

_Mary I. Tyler_

My Commission Expires Sept. 30, 1972

4

# BY-LAWS

## OF THE

## CORPORATION FOR PUBLIC BROADCASTING

*As amended September 13, 2021*

-2-

## ARTICLE I

### Offices

Section 1.01.  **Registered Office**.  The Corporation shall maintain a registered office in the City of Washington, District of Columbia.

Section 1.02.  **Other Offices**.  The Corporation may also have offices at such other places, either within or without the District of Columbia, as the business of the Corporation may require.

## ARTICLE  II

### Board of Directors

Section 2.01.  **General Powers**.  The property, affairs and business of the Corporation shall be managed by the Board of Directors.

Section 2.02.  **Number, Terms of Office and Qualifications**.  The Board of Directors (the "Board") shall consist of the number of Directors required by the Public Broadcasting Act of 1967 and any amendments thereto.  The method of appointment of Directors and their terms of office shall be as set forth in the Public Broadcasting Act of 1967 and any amendments thereto.

Section 2.03.  **The Chair of the Board**.  At each annual meeting of the Board, or at such other time as there may be a vacancy in this office, and, if, as a result of the vacancy, the Board by majority vote calls for an election, the Board shall elect, by majority vote, from among its members who are not employees of the Corporation who have completed a minimum of one full year of service as of the date of such election, a Chair of the Board.  The Chair shall not serve in such a capacity for more than three consecutive full one-year terms during a single term of office.  The Chair shall serve at the pleasure of the Board, or until his or her successor has been duly elected and qualified, or until the Chair shall resign or otherwise vacate his or her office or Board membership.  The Chair shall preside at all meetings of the Board, shall carry out all functions required by these By-Laws, and shall perform such other duties as from time to time may be assigned by the Board.

-3-

Section 2.04.  **The Vice Chair of the Board**.  At each Annual Meeting of the Board, or at such other time as there may be a vacancy in this office, the Board shall elect, by majority vote, from among its members who are not employees of the Corporation, a Vice Chair of the Board.  The Vice Chair shall not serve in such capacity for more than three consecutive full one-year terms during a single term of office.  The Vice Chair shall serve at the pleasure of the Board, or until his or her successor has been duly elected and qualified, or until the Vice Chair shall resign or otherwise vacate his or her office or Board membership.  In the absence of the Chair of the Board, the Vice Chair of the Board shall act in all respects in the stead of the Chair during such absence.  In the case of a vacancy in the office of the Chair of the Board, the Vice Chair of the Board shall act in all respects in the stead of the Chair, for the remainder of the unexpired term of the Chair, or until the Board, by majority vote, elects a successor to the Chair.  In addition, the Vice Chair shall carry out all functions required by these By-Laws and shall perform such other duties as from time to time may be assigned by the Board.

Section 2.05.  **Organization of Directors' Meetings**.  At all meetings of the Board of Directors, the Chair of the Board, or, in his or her absence, the Vice Chair of the Board, or in the absence of the Chair of the Board and the Vice Chair of the Board, a temporary Chair chosen by a majority of the Directors present, shall act as Chair of such meeting and preside threat.  The Secretary shall act as Secretary at all meetings of the Board of Directors.  In the absence from any such meeting of the Secretary, the Chair may appoint any person to act as Secretary of the meeting.  A copy of the minutes of all meetings shall be supplied to each member of the Board.

Section 2.06.  **Place and Manner of Meetings**.  Meetings of the Board of Directors, including the Annual Meeting, will be held at Washington, D.C., or at such other place or places as may be determined by the Board. Meetings of the Board and its committees may be actual or telephonic.  The Annual Meeting and at least two Regular Meetings each year shall be actual meetings of the Board unless the Board otherwise determines. Directors who are unable to attend actual meetings in person may participate by telephonic means. Telephonic meetings and telephonic participation in actual meetings may use any form of electronic communications which permits all persons attending or participating in the meeting to speak to and be heard by all others attending or participating.

-4-

Section 2.07. **Annual Meeting of the Board**. The Annual Meeting of the Board of Directors for the purpose of organization, the election of Chair and Vice Chair for the ensuing year, and the transaction of other business shall be held during September of each year on such date and at such hour and at such place as shall be fixed by the Chair of the Board. However, the Board may vote, by a two-thirds majority, to hold the Annual Meeting during a month other than September, so long as the Annual Meeting occurs before the end of the calendar year. Unless the Board has voted to schedule it otherwise, if no Annual Meeting has been scheduled and called by the Chair of the Board by a date one year from the date of the previous Annual Meeting, then the Vice Chair of the Board shall call such a meeting. If the Annual Meeting is not called by either the Chair of the Board or the Vice Chair of the Board, the Annual Meeting shall be called by the Secretary. Notice of such Annual Meeting shall be given or waived as in the case of special meetings of the Board.

Section 2.08. **Regular Meetings**. Regular meetings of the Board of Directors shall be held at such intervals as may be fixed by resolution adopted by the Board. Notice of such meetings shall be given or waived as in the case of special meetings of the Board.

Section 2.09. **Special Meetings**. Special meetings of the Board of Directors shall be held whenever called by the Chair of the Board ( or in the case of the Chair's absence or a vacancy in the office of the Chair, by the Vice Chair of the Board), or by a number of Directors representing not less than one-third of the current Directors serving on the Board, but in no event fewer than two (2) Directors. Notice of each such meeting shall be mailed or sent by electronic mail to each Director at the mailing or electronic mail address appearing on the books of the Corporation for the purpose of notice to Directors, at least five (5) days before the day on which the meeting is to be held, or shall be sent to such mailing address by overnight express service, charges prepaid, or delivered personally not later than the third (3rd) day before the day on which the meeting is to be held. Every such notice shall specify the time of the meeting, place, day, and hour of the meeting and the general nature of the business to be transacted. A waiver of notice of any meeting in writing signed by the Director entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice. Participation of a Director in any meeting shall constitute a waiver of notice of such meeting, except where a Director participates for the express purpose of objecting to the

-5-

transaction of any business because the meeting was not lawfully called or convened. Whenever a meeting of the Board shall be adjourned, it shall not be necessary to give any notice of the adjourned meeting or of the business to be transacted thereat, otherwise than by announcement at the meeting at which such adjournment is taken.

Section 2.10. **Quorum, Manner of Acting and Adjournment**. At each regular meeting or special meeting of the Board, the presence or participation of a simple majority of the Directors then serving pursuant to law shall be necessary to constitute a quorum for the transaction of business. Except as otherwise specifically provided by statute, the Articles of Incorporation, or these By-Laws, the acts of a majority of the Directors present at or participating in a regular meeting or special meeting, at which a quorum is present, shall be the acts of the Board. A Director who is present at or participating in a regular or special meeting of the Board, but who abstains from participation in the vote upon any matter whether he or she remains in the meeting or withdraws therefrom during the vote, may be counted for purposes of determining whether or not a quorum is present or participating, and if a quorum is present or participating, the acts with respect to any such matter of a majority of the Directors present or participating who do not abstain shall be the acts of the Board. A majority of the Directors present at or participating in any regular or special meeting, whether or not they shall comprise a quorum, may adjourn the meeting from time to time. Each Director shall be entitled to one vote, and voting rights of Directors may not be exercised by proxy. Notwithstanding the foregoing, during an emergency period following a national, regional or local catastrophe, a majority of the surviving members of the Board of Directors who have not been rendered incapable of attending or participating shall constitute a quorum. Any action which can be taken at a meeting of the Directors may be taken without a meeting if a consent in writing, in the form of a resolution setting forth the action so taken, shall be signed by all of the Directors. Each such resolution shall be reported at the next meeting of the Board and set forth in the minutes of that meeting. The Board may assign and delegate to the Chair, Vice Chair, President and other officers of the Corporation additional duties and authority not conferred pursuant to these By-Laws only by resolution of the Board, which resolution shall be set forth in the minutes of the meeting at which it was adopted.

-6-

## ARTICLE  III

### Standing Committees

Section 3.01.  **Audit Committee.**  After each Annual Meeting of the Board, the Chair shall appoint, subject to the approval of the Board, no more than five (5) Directors to serve on the Audit Committee, including one to serve as chair.  The Audit Committee shall be responsible for meeting with and receiving the reports of the outside auditors of the Corporation, shall review internal audits of the Corporation and shall assume such additional duties as may be assigned to it by the Board. The Committee shall report annually to the Board and at such other times as it deems appropriate or when requested to do so by the Board.

Section 3.02.  **Other Committees.**  The Board of Directors may establish such other standing or temporary committees as it may deem appropriate to perform such functions as it may designate.  The Chair of the Board shall appoint, with the approval of the Board, an appropriate number of Directors to serve on such committees, including one to serve as chair.

Section 3.03.  **Committee Procedure**.  Each member of any regular or standing committee shall continue to serve as a member of that committee at the pleasure of the Board . The Chair of the Board shall serve as an *ex officio*, non-voting member of all Committees of the Board to which he or she is not specifically appointed, with the same rights and obligations as all duly appointed members except that the Chair shall not be counted to establish a quorum. Except as otherwise provided in these By-Laws, a majority of a committee shall constitute a quorum thereof, and the act of a majority of those present at or participating in a meeting at which a quorum is present shall be the act of the committee.  Meetings of each committee shall be called by the chair of the committee or any two members of the committee.  Each committee shall render such reports at such time as the Board shall require.

## ARTICLE IV

### Appointed Officers

Section 4.01.  **Officers**.  In addition to the elected officers of the Board (the Chair and Vice Chair) the Corporation shall have appointed officers employed by the Corporation.  The

appointed officers shall be the President and Chief Executive Officer, the Executive Vice Presidents, the Secretary, the General Counsel, and the Treasurer. Officers in the areas of government relations, corporate communications, education, programming and system and station development, and such other officers as the Board or President and Chief Executive Officer deem necessary may be appointed pursuant to Section 4.03 of these By-Laws. A complete list of current officers of the Corporation shall be kept on file in the Office of the Corporate Secretary and posted on the CPB website.

Section 4.02. **Appointment, Term of Office, and Qualifications.** At such time as there may be a vacancy in the office of the President and Chief Executive Officer, the Board shall appoint an individual to serve in that position under such terms of employment as the Board shall determine. The President and Chief Executive Officer shall serve at the pleasure of the Board, and the Board shall conduct an annual review of the President's performance and his or her compensation at or before the last meeting of the Board in each calendar year. In addition, at such meeting in any year in which the employment agreement of the President and Chief Executive Officer is subject to renewal, the Chairman shall so inform the Board, and the Board shall decide whether to conduct an additional review of the performance and compensation of the President and Chief Executive Officer in connection with such renewal. All other corporate officers shall serve at the pleasure of the Board, but the Board may expressly delegate to the President and Chief Executive Officer the authority to review, hire, and dismiss officers and establish the level of their compensation. No individual other than a citizen of the United States may serve as an officer of the Corporation. Any two or more offices may be held by the same person, except the offices of Treasurer and President.

Section 4.03. **Additional Officers.** The Board may appoint such officers as it may deem necessary or may expressly delegate to the President and Chief Executive Officer the authority to appoint such other officers as the President shall deem necessary. Each such officer shall have such authority and shall perform such duties as may be determined, from time to time, by the Board, or by the President, acting under the expressed delegated authority of the Board.

Section 4.04. **Removal**. Any officer appointed by the Board may be removed by the Board, and any officer appointed by the President and Chief Executive Officer under

expressed delegated authority from the Board may be removed by the President, whenever, in the judgment of the Board or the President, the best interests of the Corporation will be served thereby. Such removal shall be without prejudice to the contract rights, if any, of the person so removed.

Section 4.05. **Resignation**. Any officer of the Corporation may resign at any time by giving written notice of his resignation to the Board, or to the Chair of the Board, or to the President, or to the Secretary. Any such resignation shall take effect at the time specified therein, and, unless otherwise specified therein, the acceptance thereof shall not be necessary to make it effective.

Section 4.06. **Vacancies.** Any vacancy in any office because of death, resignation, removal, disqualification, or any other cause may be filled by the Board at any regular or special meeting thereof, or may be filled by the President and Chief Executive Officer, under expressed authority delegated by the Board.

Section 4.07. **The President**. The President of the Corporation shall be its Chief Executive Officer and shall have the responsibility and authority for the day-to-day administration of the affairs of the Corporation under the general supervision of the Board and shall have such other powers and perform such other duties as the Board may from time to time prescribe. If the President is not a member of the Board he or she may attend and participate in meetings of the Board *ex officio* but may not vote.

Section 4.08. **The Vice Presidents.** Each Vice President shall have such powers and perform such duties as the Board or the President and Chief Executive Officer, under expressed authority delegated by the Board, may from time to time prescribe.

Section 4.09. **The Secretary**. The Secretary shall (a) see that all notices are duly given in accordance with law and these By-Laws; (b) be custodian of the seal of the Corporation and affix such seal to all documents the execution of which, on behalf of the Corporation under its seal, is authorized by the Board or by any officer or agent of the Corporation to whom power to authorize the affixing of such seal shall have been delegated; (c) keep, or cause to be kept, in books provided for the purpose, minutes of the meetings of the Board, and of each committee of the Board; (d) see that the books, reports, statements and all other documents and records

required by law are properly kept and filed; (e) sign such instruments as require the signature of the Secretary; and (f) in general, perform all the duties incident to the office of the Secretary and such other duties as from time to time may be assigned.

Section 4.10.  **The Treasurer**.  The Treasurer shall (a) have charge and custody of, and be responsible for, all funds and securities of the Corporation and deposit all such funds in such banks, trust companies or other depositories as shall  be selected in accordance with the provisions of these By-Laws; (b) receive, and give receipts for, monies due and payable to the Corporation from any source whatsoever; (c) sign such documents as shall require the signature of the Treasurer; (d) be responsible for the accounting functions of the Corporation including full and accurate accounts of all assets, liabilities, commitments, receipts, disbursements and other financial transactions; (e) see that all expenditures are made in accordance with procedures established from time to time by the Corporation; and (f) in general, perform all duties incident to the office of Treasurer and such other duties as from time to time may be assigned.  The Treasurer shall give a bond for the faithful discharge of his or her duties in such sum and with such sureties as the Board shall determine.

Section 4.11.  **General Counsel**.  The General Counsel is the chief legal officer of the Corporation and provides advice and counsel to the Board of Directors and the Management of the Corporation on legal, public policy, legislative, and regulatory matters affecting public broadcasting and the operation of the Corporation.  The General Counsel is responsible for, and generally oversees, the conduct of the Corporation's legal affairs, including the retention of outside counsel where appropriate and necessary, and provides representation and legal support services required for day-to-day corporate operations.  The General Counsel is authorized to appoint and make changes in the Corporation's registered agent in accordance with the laws of the District of Columbia.

Section 4.12.  **Compensation.**  The compensation of the officers, the duration for which it will be applicable, and such other terms of employment, shall be fixed from time to time by the Board, or by the President and Chief Executive Officer, under expressed authority delegated by the Board.  No officer of the Corporation may receive any salary or other compensation (except for compensation for services on boards of directors of other organizations that do not receive funds from the Corporation, on committees of such boards, and in similar activities for

-10-

such organizations) from any sources other than the Corporation for services rendered during the period of his or her employment by the Corporation. Service by any officer on such boards of directors of other organizations, on committees of such boards, and in similar activities for such organizations, shall be subject to annual advance approval by the Board, or by the President under expressed authority delegated by the Board, and shall be subject to the provisions of the Corporation's Statement of Ethical Conduct.

Section 4.13.  **Outside Interests of Officers and Employees**.  The Board from time to time may adopt rules and regulations governing the conduct of officers or key employees with respect to matters in which they have any interest adverse to the interests of the Corporation. Such rules and regulations may forbid officers or key employees from participating personally and substantially in corporate action with respect to any contract, grant, transaction or other matter in which, to the knowledge of any such officers or employee, he or she or any member of his or her immediate family has any interest, financial or otherwise, unless (a) such officer or employee makes full disclosure of the circumstances to the Board or its delegate and the Board or its delegate determines that the interest is not so substantial as to affect the integrity of the services of such officer or employee, or (b) on the basis of standards to be established in such rules or regulations, the interest is too remote or too inconsequential to affect the integrity of such services.  Such rules and regulations may also prohibit, or establish appropriate limits upon, the ownership by such officer or employee, or member of his or her immediate family, of securities of any firm or corporation doing business with the Corporation.

**ARTICLE V**

**Designated Body**

Section 5.01.  **Application.**  This Article shall apply only in the instance that the Corporation's Board fails to meet the statutory minimum number of directors required under the D.C. Nonprofit Corporation Act.  All references to rights and responsibilities of the Board, in these By-Laws, the Articles of Incorporation, or applicable statutes, shall apply to a Designated Body which shall be authorized to perform the functions of the Board in that

-11-

instance, with the exception of the authority to remove Directors under the D.C. Nonprofit Corporation Act.

Section 5.02.  **Responsibilities and Membership.**  If less than the statutory minimum number of presidentially appointed Directors of the Corporation remain in office, a Designated Body, consisting of three (3) members, shall exercise the rights and responsibilities of the Board until such time as there are three (3) presidentially appointed Directors. Members of the Designated Body shall include the remaining presidentially appointed Directors plus the number of former Directors, appointed as provided in Section 5.03, as are required for a total of three (3) members. The Designated Body shall be authorized to perform the functions of the Board for the period of time only until at least the statutory minimum number of Directors are in office.

Section 5.03.  **Appointed Members.**  The President and Chief Executive Officer of the Corporation shall select and appoint to the Designated Body the required number of individuals who most recently served as Directors of the Corporation who were nominated by the President and confirmed by the Senate, whose service on the Board ended by operation of law and not by earlier vacating office, and who agree to serve. Such former Directors shall be selected in the order in which they most recently served as Directors, and shall be removed in the order in which they were most recently appointed to serve on the Designated Body. The President and Chief executive Officer shall ensure the continued presence of three (3) members by appointing former Directors to fill any vacancies that occur, and by removing them from service when new presidentially appointed Directors take office. The Designated Body shall cease to function as soon as three (3) presidentially appointed Directors are in office.

## **ARTICLE VI**

### **Contracts, Checks, Drafts, Bank Accounts, Etc.**

Section 6.01.  **Contracts and Appointments of Agents in Connection Therewith**.  To the extent the Board may specifically authorize, the President or any other officer may, in the name of the Corporation and on its behalf, execute and deliver, or appoint agents with power to execute and deliver, in full compliance with the Corporation's procurement and contracting policies, bids and proposals for contracts with any person or entity, corporate or otherwise,

-12-

contracts between the Corporation and any such person or entity, bonds and undertakings required for the faithful performance of such contracts, and vouchers and receipts in connection therewith.

Section 6.02.  **Loans**.  To the extent the Board may specifically authorize, any two of the following, to wit, the President or any other officer, acting together, may effect loans and advances at any time for the Corporation from any bank, trust company or other institution or from any firm or individual and for such loans and advances may make, execute and deliver promissory notes or other evidences of indebtedness of the Corporation, but no officer or officers shall, for purposes of giving security for any such loan or advance, mortgage, pledge, hypothecate or transfer any property whatsoever owned or held by the Corporation, except when specifically authorized by resolution of the Board.

.

Section 6.03.  **Checks, Drafts, Etc**.  All checks, drafts, orders for the payment of money, bills of lading, warehouse receipts, obligations, bills of exchange and insurance certificates shall be signed or endorsed by such officer or officers, agent or agents of the Corporation and in such manner as shall from time to time be determined by resolution of the Board.

## ARTICLE  VII

### Seal

Section 7.01.  The Corporation shall have a corporate seal, which shall be in the form adopted by the Board.

## ARTICLE VIII

### Fiscal Year

Section 8.01.  The fiscal year of the Corporation shall be fixed by resolution of the Board.

-13-

## ARTICLE IX

### Indemnification

Section 9.01.  The Corporation shall indemnify an employee, officer, Director or other volunteer, to the fullest extent mandated or permitted by District of Columbia law, against any and all expenses and liabilities incurred by or imposed on him or her in connection with any claim, action, suit or proceeding (whether actual or threatened, brought by or in the right of the Corporation or otherwise, civil, criminal, administrative, or investigative, including appeals) to which he or she may be or is made a party by reason of being or having been an employee, officer, Director, or other volunteer of the Corporation.

Amounts paid in indemnification of expenses and liabilities may include, but shall not be limited to, counsel fees and other fees, cost and disbursements, and judgments, fines and penalties against and amounts paid in settlement by such employee, officer, Director, or other volunteer.  The Corporation may advance expenses to, or where appropriate may itself, at its expense, undertake the defense of, any employee, officer,  Director, or other volunteer; provided, however, that such employee, officer, Director or other volunteer shall undertake to repay or to reimburse such expense, if it should be ultimately determined that he or she is not entitled to indemnification.

The provisions of this Article shall be applicable to claims, actions, suits or proceedings made or commenced after the adoption hereof, whether arising from acts or omissions to act occurring before or after adoption thereof.  Indemnification as provided for in this Section shall inure to the benefit of the heirs, executors, administrators, or other legal representatives of an employee, officer, director, or other volunteer.

If any part of this Section shall be found, in any action, suit or proceeding, to be invalid or ineffective, the validity and the effectiveness of the remaining parts shall not be affected.

## ARTICLE X

### Amendments

-14-

Section 10.01. Any of these By-Laws may be altered, amended, or repealed, and new By-Laws may be adopted, by an affirmative two-thirds majority vote of the Board; provided that (a) such action may be taken only at a meeting of the Board where such action has been identified, in advance, as one of the purposes of the meeting; (b) the notice of such an action at a meeting shall state the substance of the By-Law to be made or repealed, or of the alteration or amendment; and (c) the notice of such an action at a meeting shall be mailed, sent by electronic mail, sent by overnight express service, or delivered personally to each Director at least five (5) days before the date on which the meeting is to be held.

*Amended September 13, 2021*

5

**Roles and Responsibilities of the
Board of Directors, Chair of the Board, and President
in Directing the Affairs of the
Corporation for Public Broadcasting**

The Board of Directors (the "Board"), the Chair of the Board (the "Chair") and the President and Chief Executive Officer (the "President") each have distinct responsibilities in overseeing the affairs of the Corporation for Public Broadcasting ("Corporation"). This memorandum sets forth the Board's understanding of those distinct responsibilities. It does so by first describing, as a matter of general principles, the respective responsibilities of the Board, the Chair and the President. It then describes how those general principles would be applied in certain specific situations that regularly recur at the Corporation.

<u>General Principles</u>

***Board of Directors***

The By-Laws of the Corporation provide that the "property, affairs and business of the Corporation shall be managed by the Board of Directors." This is consistent with the District of Columbia Nonprofit Corporation Act, which provides that the "affairs of a corporation shall be managed by a board of directors." As such, the Board has general oversight responsibility for the management of all of the Corporation's affairs. Board Committees have specific roles in the fulfillment of general oversight responsibilities: the Audit and Finance committee provides oversight of the Corporation's finances; the Governance committee supervises development of and compliance with governance practices and guidelines; the Compensation committee has responsibilities relating to compensation and evaluation of the Corporation's officers and other employees.

The Board satisfies this responsibility by providing active leadership regarding important issues facing the Corporation. In particular, the Board is expected to provide leadership in:

(i)      defining the Corporation's mission and strategy designed to achieve that mission;
(ii)     appointing and planning for succession of the President; and
(iii)    ensuring the Corporation's compliance with the law.

In addition, the Board is responsible for approving all "Matters Requiring Board Approval" as set forth in the Guidelines Regarding Board Approvals and Notification attached hereto as Exhibit A (the "Approvals/Notifications Guidelines").

The Board's responsibility is to provide clear direction on the course it wishes management to pursue regarding these and other critical matters. It is the responsibility of management to determine the manner in which such directives are achieved and implemented.

The Board, and its individual directors, each owe certain fiduciary duties to the Corporation. These duties (i.e., the duties of care, loyalty and candor), are described in the memorandum that is attached hereto as Exhibit B.

### *Chair of the Board*

The Chair is responsible for leading the Board in its activities and for serving as the principal liaison between management and the Board.

With respect to leading the Board in its activities, the Chair is primarily responsible, with the input of committee chairs and other directors, for setting the agenda for regularly-scheduled Board meetings and for determining whether and when special meetings should be held. The Chair presides at all meetings of the Board. The Chair will coordinate Board representation at events and functions. The Chair is expected to keep the Board apprised of his or her activities.

In the absence of the Chair of the Board, the Vice Chair of the Board shall act in all respects in the stead of the Chair during such absence.

With respect to serving as the principal liaison between management and the Board, the Chair is expected to stay in regular contact with the President in the periods between meetings. The Chair is also expected to keep the Board apprised on important issues he or she discusses with management.

The Chair operates in a capacity as a member of the Board and not as a member of the Corporation's management and is expected to respect and reinforce the appropriate roles of the Board and management.

### *President*

The President leads management's efforts in implementing and achieving the priorities that are adopted by the Board. He or she has discretion in determining the most appropriate means to achieve those priorities.

The President is also responsible for keeping the Board appropriately informed regarding the Corporation's significant activities and undertakings. The President is responsible for providing the Board with information regarding the Corporation that is relevant both to specific decisions that the Board is required to make and to the Board's effective fulfillment of its general responsibility for oversight of the Corporation's affairs. In particular, the President is responsible for ensuring that the Board is notified of the items identified under the caption "Matters About Which the Board Must be Notified" in the Approvals/Notifications Guidelines.

**Specific Situations**

The language above defines the general roles and responsibilities of the Board, the Chair, and the President and will guide the parties in their respective roles.  What follows is a description of how these roles and responsibilities are to be applied in regularly occurring matters affecting the Corporation.

### Budget-Setting

Each year the President, working with his or her senior staff and in consultation with the Chair, will develop a proposed annual budget.  The proposed budget represents the Corporation's plans for fulfilling the Board's annual priorities and will be presented to the Board (or if the Board so chooses, a committee of the Board) for consideration and approval.  Additionally, as part of the President's long-term budget planning, each year the President, in consultation with the Board, the public broadcasting system, and CPB senior staff, will develop a proposed appropriations request.  The proposed request will be presented to the Board for approval prior to submitting the request to the Federal government.  Any request for appropriations outside of the annual cycle (i.e., emergency requests) will be conducted in a similar fashion.

### Personnel Decisions Regarding the President and CEO; Executive Vice President and COO; Treasurer/CFO; and General Counsel

In accordance with Corporation's governance documents and human resources policies, the Board of Directors as a body will evaluate and make decisions regarding the hiring and termination of the Corporation's President.

The Board will also be responsible for approving the hiring and termination of the Corporation's Executive Vice President and Chief Operating Officer, Treasurer/Chief Financial Officer and General Counsel. It will make these decisions, however, only after the President has presented his or her recommendations regarding the same.

The Board delegates to the President the authority to hire, fire, promote, and set compensation and bonuses for all staff other than the Corporation's Executive Vice President and Chief Operating Officer, Treasurer/Chief Financial Officer and General Counsel, in accordance with CPB policies, procedures, and board committee charters.

### Programming Grants

The Board will set programming priorities through the annual budget process.  CPB management will make programming and content decisions, including delivery, strategies, program strands, and individual programs, in accordance with CPB policies and procedures.

### Station Grants

As required by CPB's authorizing legislation, CPB management will conduct consultations with the public broadcasting system regarding operational grants to public broadcasting stations. Management will then summarize the results of these consultations, and having considered them, present them along with its recommendations to the Board for consideration and approval.

### Communications/Press

The President acts as the chief spokesman for the Corporation to the public, press, legislative bodies and other related organizations.

### Annual Schedule of Standing Agenda Items

Each year the Board and its committees will be presented with a list of standing agenda items that reflect the matters referenced above and other recurring matters that require the consideration and approval of the Board.

*Adopted by the Board of Directors
on May 1, 2006*