UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CORPORATION FOR PUBLIC BROADCASTING, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DONALD J. TRUMP, in his Official Capacity as President of the United States of America, *et al.* )<br>)<br>Defendants. ) | Case No. 1:25-cv-01305 |

## JOINT STATUS REPORT

Pursuant to the Court's Order dated November 14, 2025, Plaintiff Corporation for Public Broadcasting ("CPB"), Plaintiff Diane Kaplan, and Defendants Donald J. Trump, Russell T. Vought, Sergio Gor, Trent Morse, the United States Office of Management and Budget, and the White House Presidential Personnel Office (the "Defendants") (together the "Parties") file this Joint Status Report. As discussed below, the Parties submit that, for the reasons set forth herein, this case is moot and should be dismissed.

CPB submits that on December 10, 2025, CPB held a board meeting at which the directors unanimously voted to formally dissolve the corporation and for management to take all necessary steps to effectuate dissolution of the corporation. Under the D.C. Non-Profit Code, a nonprofit corporation is required to provide Office of Attorney General ("OAG") with advance notice of the corporation's voluntary dissolution. D.C. Code § 29-412.02(g). Thereafter, a nonprofit corporation files Articles of Dissolution with the Mayor of D.C., through the Corporations Division (DCRA), which still allows it to settle debts, pay liabilities, and engage in activities associated with completing a wind down. CPB intends to file its Notice of its Voluntary Dissolution on or about

January 15, 2026 and its Articles of Dissolution on or about January 30, 2026. As a result, CPB asserts that this case is moot and no longer presents a live case or controversy, particularly given that the Defendants are not challenging CPB's decision to dissolve.

Plaintiff Diane Kaplan has resigned from CPB's Board of Directors, effective January 4, 2026. As a result, Ms. Kaplan's position is that this case no longer presents a live case or controversy because she is not currently serving nor seeking to serve as a member of CPB's Board of Directors. Ms. Kaplan submits that the Court should accordingly dismiss this action as moot.

From the Defendants' perspective, given Ms. Kaplan's resignation from the Board of CPB, the case is now moot. As a result, the Defendants submit that the Court should dismiss this case without prejudice.

CPB further states as follows:

1. On July 18, 2025, the House of U.S. Representatives and U.S. Senate approved the Rescissions Act of 2025, which rescinded CPB's forward-funded amounts for FY 2026 and FY 2027, eliminating roughly $1.1 billion in advance appropriations for CPB, effectively ending federal support for public media.

2. As a result of Congress' recission of CPB's funds, CPB publicly announced on August 1, 2025 that it would immediately begin an orderly wind-down of its operations following the passage of a federal rescissions package. In so doing, it issued a press release stating, in relevant part:

> The Corporation for Public Broadcasting (CPB) announced today that it will begin an orderly wind-down of its operations following the passage of a federal rescissions package and the release of the Senate Appropriations Committee's FY 2026 Labor, Health and Human Services, Education, and Related Agencies (Labor-H) appropriations bill, which excludes funding for CPB for the first time in more than five decades.
>
> CPB informed its employees today that the majority of staff positions will conclude with the close of the fiscal year on September 30, 2025. A small transition team will remain through January 2026 to ensure a responsible and orderly closeout of operations. This team

will focus on compliance, final distributions, and resolution of long-term financial obligations, including ensuring continuity for music rights and royalties that remain essential to the public media system.

*See* https://cpb.org/pressroom/corporation-public-broadcasting-addresses-operations-following-loss-federal-funding#:~:text=WASHINGTON%2C%20D.C.%20%28August%201%2C%202025%29%20–%20The%20Corporation,the%20first%20time%20in%20more%20than%20five%20decades

3.     On October 27, 2025, CPB filed the declaration of its General Counsel, Evan Slavitt, in *National Public Radio, Inc. v. Donald J. Trump*, Civil Action No. 25-cv-1674-RDM, informing the Court that CPB "continues to be in the process of winding down as a non-profit corporation. CPB is targeting ceasing operations and being wound down by December 31, 2025."

4.     On November 14, 2025, the Court entered its Minute Order stating:

> In light of the July 24, 2025, rescission of the Corporation for Public Broadcasting's funding, it is hereby ORDERED that the parties shall file a joint status report on or before January 5, 2026, informing the Court whether this case still presents a live case or controversy. It is further ORDERED that further briefing on the parties' cross-motions for summary judgment is STAYED pending further order of the Court.

5.     On December 10, 2025, CPB held a board meeting at which the directors unanimously voted to formally dissolve the corporation and for management to take all necessary steps to effectuate dissolution of the corporation. Under the D.C. Non-Profit Code, a nonprofit corporation is required to provide Office of Attorney General ("OAG") with advance notice of the corporation's voluntary dissolution. D.C. Code § 29-412.02(g). Thereafter, a nonprofit corporation files Articles of Dissolution with the Mayor of D.C., through the Corporations Division (DCRA), after settling debts and distributing assets.  As a result, CPB intends to file its Notice of its Voluntary Dissolution on or about January 15, 2026 and its Articles of Dissolution on or about January 30, 2026.

6.     Under the D.C. Nonprofit Code, §29–412.05, a dissolved nonprofit corporation may continue its corporate existence to attend to activities necessary to wind up and liquidate its

affairs, including collecting assets, discharging liabilities, and distributing property. As a result, after January 30, 2026, CPB anticipates paying remaining liabilities to accountants, lawyers, and other service providers for several weeks as it finally concludes its operations.

## Conclusion

For the reasons explained above, the Parties respectfully request that the Court dismiss this case as moot. If the Court declines to dismiss this case at this juncture, the Parties request that the Court order any remaining parties to file another joint status report the earlier of 30 days or promptly after CPB files its Articles of Dissolution, and that it continue the stay of proceedings in the meantime.

Respectfully,

*/s/ Joseph D. Lipchitz*
Jason W. McElroy (D.C. Bar No. 502733)
Peter C. Nanov (D.C. Bar No. 230021)
SAUL EWING LLP
1919 Pennsylvania Avenue NW, Suite 550
Washington, D.C. 20006
Tel: (202) 295-6605
jason.mcelroy@saul.com
peter.nanov@saul.com

Jeffrey S. Robbins (Admitted *Pro Hac Vice*)
Joseph D. Lipchitz (Admitted *Pro Hac Vice*)
SAUL EWING LLP
131 Dartmouth St., Suite 501
Boston, MA 02116
Tel: (617) 912-0941
Email: jeffrey.robbins@saul.com
       joseph.lipchitz@saul.com

***Counsel for The Corporation for Public Broadcasting***

*/s/ Trisha Anderson*
Trisha Anderson (D.C. Bar 497224)
Kaitlin Konkel (D.C. Bar 1021109)
Helia Bidad (*pro hac vice*)
HECKER FINK LLP

4

56975215.1

1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
tanderson@heckerfink.com
kkonkel@heckerfink.com
hbidad@heckerfink.com

*Counsel for Plaintiff Diane Kaplan*

                                                BRETT A. SHUMATE
                                              Assistant Attorney General
                                              Civil Division

                                              CHRISTOPHER R. HALL
                                              Assistant Director, Federal Programs Branch

                                              ***/s/ Jeremy S.B. Newman***
                                              JEREMY S.B. NEWMAN
                                              Trial Attorney
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street, N.W.
                                              Washington, DC 20005
                                              Tel: (202) 532-3114
                                              Fax: (202) 616-8470
                                              Email: jeremy.s.newman@usdoj.gov

                                                    *Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on January 5, 2026, I filed the foregoing via the Court's CM/ECF system, which will serve the same on all parties and counsel of record.

                                                ***/s/ Joseph D. Lipchitz***
                                                 Joseph D. Lipchitz

56975215.1